WALLACH, Circuit Judge,
concurring.
The Board improperly ignored Ketterer. Therefore, I concur with the Panel’s judgment to reverse the Board’s decision and remand this case to the Board to instate the Initial Decision as its final decision. However, I write separately because I believe that the agency’s bad faith taints the AJ’s factual findings.
In Miller I, the Board stated “the agency failed to present any evidence showing that its reasons for directing [Ms. Miller’s] geographic reassignment to Anchorage were bona fide such as to support a finding that her removal for refusing to take the reassignment promoted the efficiency of the service.” Miller I, 119 M.S.P.R. at *1352 443-44. The Majority holds the statement was not supported by the record and was contrary to the AJ’s uncontested factual findings.
I disagree with the Majority. The AJ made factual findings within the Initial Decision after assessing evidence presented by the parties and weighing the credibility of the witnesses’ testimonies.' These factual findings and credibility determinations remain uncontested on appeal, and we are bound by the failure to challenge them. However, it appears obvious to me that the agency’s actions were entirely pretextual and in bad faith.
The AJ credited the testimony of Mr. Knox, Ms. Masica, and Ms. Stewart when making her findings. Mr. Knox, Ms. Miller’s supervisor, testified that he was “familiar with [Ms. Miller’s] background because he participated in her selection for the position of Superintendent for the [Park], called her references and supervised her for over two years.” Initial Decision at 9. Mr. Knox stated, “he made the decision to fill the [Alaska Native Affairs Liaison] position several weeks prior to making the offer to [Ms. Miller].” Id. at 8. Further, Mr. Knox noted that Ms. Miller “was modeling exactly what they wanted to accomplish” in the position. Id.
Ms. Masica, the Regional Director for the agency in Alaska and the deciding official, stated that she requested the position be created. When filling the position, Ms. Masica testified, “she looked at a pool of candidates among the staff and [Ms. Miller] was the best for the position based on Mr. Knox’s assessment that she had the strongest skills[,] so the focus was on her to fill the new position.” Id. at 11 (emphases added).
Additionally, Ms. Stewart, a Supervisory Human Resource Specialist with the U.S. Fish and Wildlife Service, testified as a rebuttal witness to Ms. Miller’s personnel management consultant. Ms. Stewart testified, “it is a manager/supervisor who decides there is a need in the organization- and gives a general description of the duties for the position to help the classifier develop the position description.” Id. at 18. Ms. Stewart further explained that “[t]he classifier captures what is required for the position and works with the manager or supervisor to make adjustments for the position to obtain the desired result.” Id. (emphasis added). Ms. Stewart “considered [Ms. Miller] qualified for the position and if [Ms. Miller] was not qualified for the Alaska Native Liaison position she does not see how [Ms. Miller] would have been qualified for the Superintendent position she held the previous two years.” Id. at 17.
The AJ’s credibility determinations for these testimonies are uncontested on appeal. In fact, however, the evidence demonstrates the dishonest manner in which Ms. Miller was selected for the Alaska Native Liaison position. Mr. Knox was familiar with Ms. Miller’s background and her current capabilities. Mr. Knox directed Ms. Masica to focus on Ms. Miller when making her selection for the position. The description duties were adjusted to obtain the desired result. It is obvious to me that the agency modified the standards and qualifications to make Ms. Miller the only person uniquely qualified, within the pool of employees that were considered for the position; that the agency’s actions were entirely pretextual; and that they were intended solely to present Ms. Miller with an improperly motivated Hobson’s choice. Such conduct by an agency of the United States is reprehensible.